**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4346

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYREE RAY LONG,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23-cr-00222-WO-1)

Submitted:  May 28, 2026                    Decided:  June 3, 2026

Before RICHARDSON, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Eric D. Placke, Interim Federal Public Defender, Kathleen A. Gleason, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Dan Bishop, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Ray Long pleaded guilty, pursuant to a plea agreement, to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count One); assaulting a federal officer by use of a deadly and dangerous weapon, in violation of 18 U.S.C. § 111(a)(1), (b) (Count Two); and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three). The district court imposed a sentence of 444 months' imprisonment, which was below the advisory Sentencing Guidelines range. On appeal, Long challenges the sentence, arguing that the district court procedurally erred in declining to grant a two-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2024). We affirm.

Rather than reviewing the merits of Long's challenge to the denial of the reduction, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [Sentencing G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted); *see also United States v. Shivers*, 56 F.4th 320, 327 (4th Cir. 2022). An asserted error will be deemed harmless if we are certain that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, at the sentencing hearing, after denying Long's requested reduction for acceptance of responsibility, the district court correctly calculated his advisory Guidelines

2

range as life imprisonment. However, the court noted that the statutory maximum sentences for Counts One and Two capped Long's advisory Guidelines range at 360 months. Long was also subject to a mandatory and consecutive term of 120 months' imprisonment for Count Three. Had the district court granted Long a two-level reduction for acceptance of responsibility under USSG § 3E1.1, Long's advisory Guidelines range would have been 360 months to life imprisonment, rather than life imprisonment, and still subject to the statutory maximum of 360 months on Counts One and Two (and the mandatory consecutive term of 120 months on Count Three). *See* USSG, Ch. 5, pt. A, Sentencing Table.

After thoroughly considering the 18 U.S.C. § 3553(a) factors, the district court determined that the sentence needed to address its concerns regarding, among other things, the seriousness of Long's criminal conduct, the need for deterrence, and the danger Long posed to the community. The court also considered Long's mental health challenges, his attempt to obstruct justice and other conduct inconsistent with acceptance of responsibility between his receipt of his draft presentence report and his sentencing hearing, and his ultimate decision to go forward with his guilty plea and stop his attempt to suborn perjury and his request to withdraw his plea. The court then found that a downward variant sentence of 324 months' imprisonment for Counts One and Two, combined with the mandatory 120 months for Count Three, was appropriate and was sufficient but not greater than necessary to achieve the goals of sentencing. Because Long's advisory Guidelines range would have been the same with or without a reduction for acceptance of responsibility, we are satisfied that the district court would have reached the same result

3

even if it had decided the Guidelines issue the other way. *See McDonald*, 850 F.3d at 643. Thus, the first requirement of the assumed error harmlessness inquiry is satisfied.

Turning to the second requirement, we consider whether Long's sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. In reviewing a variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). Our ultimate inquiry is whether, considering the totality of the circumstances, the court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We are satisfied that the 444-month sentence imposed by the district court is substantively reasonable. As previously noted, after thoroughly considering the § 3553(a) factors, the district court concluded that a sentence of 444 months' imprisonment was appropriate based on the seriousness of Long's offenses, the need for deterrence, and to protect the public, but it also gave Long credit for eventually accepting responsibility by moving forward with his guilty plea and stopping his obstructive conduct. Thus, even if

4

the district court had ruled that Long was entitled to the acceptance of responsibility deduction, it is apparent from the record that the court would have imposed the same sentence.   Because Long's sentence is supported by the district court's thorough consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable.   We are therefore satisfied that any Guidelines calculation error is harmless. *See McDonald*, 850 F.3d at 645.

Accordingly, we affirm the district court's judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*